IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILDEARTH GUARDIANS**<br>516 Alto Street<br>Santa Fe, NM 87501<br><br>**KOOTENAI ENVIRONMENTAL ALLIANCE**<br>206 E Indiana Ave. #112<br>Coeur d' Alene, ID 83814<br><br>    Plaintiffs,<br><br>    vs.<br><br>**ANIMAL AND PLANT HEALTH INSPECTION SERVICE**<br>U.S. Department of Agriculture<br>4700 River Road<br>Riverdale, MD 20737<br><br>    Federal-Defendant. | Case No. 1:17-cv-01153<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELLIEF** |

## INTRODUCTION

1. Plaintiffs, WildEarth Guardians and the Kootenai Environmental Alliance (collectively "Plaintiffs"), bring this civil action against the above named Federal-Defendant, the Animal and Plant Health Inspection Service ("APHIS") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), for violations of FOIA.

2. This civil action challenges APHIS's repeated failure to make a determination on four FOIA requests. The four FOIA requests sought documents and information pertaining to: (1) the lethal control of coyotes, bears, and cougars in Oregon; (2) the targeted and accidental take of grizzly bears in Idaho; (3) the targeted and accidental take of grizzly bears in Montana and Wyoming; and (4) the accidental killing of a wolf with an M-44 poison cartridge in Oregon and

Page 1 – Complaint for Declaratory and Injunctive Relief

related information about wolf management decisions between APHIS and the Oregon Department of Fish and Wildlife. Since receiving these four requests, APHIS has rebuffed Plaintiffs' repeated attempts to obtain a determination on the requests. APHIS also refused to provide a date certain by which such a determination will be made and failed to make the requested records promptly available to Plaintiffs.

3. Wherefore, Plaintiffs are compelled to pursue this civil action for declaratory and injunctive relief. Plaintiffs request an order declaring APHIS violated FOIA and directing APHIS to immediately provide a determination on Plaintiffs' four requests.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and FOIA, 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

6. This Court has authority to issue the relief requested under 28 U.S.C. §§ 2201 and 2202, and 5 U.S.C. § 552(a)(4)(B). Plaintiffs have exhausted all available administrative remedies. There is a present and actual controversy between the Parties.

## PARTIES

7. Plaintiff, WILDEARTH GUARDIANS ("Guardians") is a non-profit conservation group headquartered in Santa Fe, New Mexico, with offices in Colorado, Montana, Oregon, Arizona, and California. Guardians' mission is to protect and restore the wildlife, wild places, wild rivers, and the health of the American West. This mission encompasses ensuring the long-term survival and recovery of wildlife throughout the West, including the gray wolf and grizzly bear. The documents sought in this action are in furtherance of these efforts. Guardians has more than 215,000 members and supporters. Guardians brings this action on behalf of its members and supporters.

8. Plaintiff, the KOOTENAI ENVIRONMENTAL ALLIANCE ("the Alliance") is a non-profit conservation group located in Coeur d' Alene, Idaho. The Alliance is the oldest non-profit

conservation organization in Idaho. Founded in 1972, the Alliance's mission is to conserve, protect and restore the environment with particular emphasis on the Idaho Panhandle and the Coeur d'Alene Basin. This mission encompasses ensuring the long-term survival and recovery of grizzly bears and wolves in Idaho and the broader northern Rockies' region. The documents sought in this action are in furtherance of these efforts. The Alliance has over 400 members.

9. Many of WildEarth Guardians' and the Kootenai Environmental Alliance's (collectively "Plaintiffs'") members and supporters have been and continue to be adversely affected by APHIS's actions and/or inactions described in this pleading. APHIS has disregarded these members and supporters' rights to be fully informed about: (1) the lethal control of coyotes, bears, and cougars in Oregon; (2) the targeted and accidental take of grizzly bears in Idaho; (3) the targeted and accidental take of grizzly bears in Montana and Wyoming; and (4) the accidental killing of a wolf with an M-44 poison cartridge in Oregon. Without the requested information, Plaintiffs are unable to inform their members and supporters and unable to participate in decisions affecting the various species affected in a meaningful matter. Plaintiffs are also unable to evaluate their legal options and educate the public on APHIS's activities or otherwise seek to influence the decision makers. Members and supporters of Plaintiffs have, among other interests, aesthetic, professional, recreational, personal, and spiritual interests grizzlies in Idaho, Montana, and Wyoming and native carnivores in Oregon, as well as interest in ensuring federal agency compliance with important laws, including the Endangered Species Act, National Environmental Policy Act, and FOIA. If this Court issues the relief Plaintiffs' request, the harm to their members and supporters will be alleviated and/or lessened.

10. Federal-Defendant, the ANIMAL AND PLANT HEALTH INSPECTION SERVICE ("APHIS") is a federal agency within the United States Department of the Agriculture. APHIS is responsible for agency actions challenged herein.

## FACTS

*FOIA No. 1*

11. On November 8, 2016, Guardians sent APHIS a FOIA request via U.S. Postal Service (Certified Mail) and e-mail seeking information related to the lethal control of coyotes,

Page 3 – Complaint for Declaratory and Injunctive Relief

bears, and cougars by APHIS in Oregon.  On November 15, 2016, APHIS acknowledged that it received the FOIA request and assigned the request tracking number 2017-APHIS-00736-F.

12. The deadline to make a determination on this FOIA request was December 14, 2016. APHIS did not provide a determination or otherwise respond to Guardians' November 8, 2016 FOIA request on or before December 14, 2016. APHIS did not provide a determination or otherwise respond to Guardians' FOIA request in January 2017 or February 2017.

13. On March 21, 2017, Guardians sent APHIS an e-mail reminding the Agency of the outstanding FOIA request and requesting a determination.  On April 5, 2017, a representative from APHIS contacted Guardians and explained that a partial response to the FOIA request was forthcoming. On April 17, 2017, APHIS provided a partial response to the FOIA request. Since April 17, 2017, APHIS has provided no additional communications or responses.

14. APHIS has yet to provide a complete determination on Guardians' November 8, 2016 FOIA request (2017-APHIS-00736-F). APHIS has also refused to provide an expected completion date for making a complete determination on the FOIA request. APHIS is not making records promptly available to Guardians.

*FOIA No. 2*

15. On January 13, 2017, the Kootenai Environmental Alliance ("the Alliance") sent APHIS a FOIA request via U.S. Postal Service (Certified Mail) and e-mail requesting information related to the accidental and targeted take of grizzly bears in Idaho. The FOIA request also requested information on accidental take of lynx and accidental and targeted take of wolverine in Idaho. On January 18, 2017, APHIS acknowledged that it received the FOIA request and assigned the request tracking number 2017-APHIS-01545-F.

16.  The deadline to make a determination on the Alliance's January 13, 2017 FOIA request was February 14, 2017. APHIS did not provide a determination or otherwise respond to Guardians' January 13, 2017 FOIA on or before February 14, 2017. APHIS did not provide a determination or otherwise respond to Guardians' January 13, 2017 FOIA request in February 2017.

17.  On March 9, 2017, the Alliance e-mailed APHIS to inquire about the status of the outstanding FOIA request and remind APHIS that a determination on the request was past the statutory response period. The Alliance also requested an estimated completion date for a response.  On March 9, 2017, APHIS responded via e-mail, stating that it "will be responding to [the Alliance's] status inquiry." No determination or response to the Alliance's FOIA request was made thereafter.

18.  On April 10, 2017, the Alliance sent APHIS a follow up e-mail asking, once again, for an update and estimated completion date for responding to the Alliance's January 13, 2017 FOIA request. APHIS never responded to this e-mail inquiry.

19. APHIS has yet to provide a determination on the Alliance's January 13, 2017 FOIA request (2017-APHIS-01545-F). APHIS has also refused to provide an expected completion date for making a determination on the FOIA request. APHIS is not making records promptly available to the Alliance.

*FOIA No. 3*

20. On February 10, 2017, the Guardians sent APHIS a FOIA request via U.S. Postal Service (Certified Mail) and e-mail requesting information related to the accidental and targeted take of grizzly bears in Montana and Wyoming. The FOIA request also requested information on accidental take of lynx and accidental and targeted take of wolverine in Montana and Wyoming. On March 7, 2017, APHIS acknowledged that it received the FOIA request and assigned the request tracking number 2017-APHIS-02149-F.

21. The deadline to make a determination on Guardians' February 10, 2017 FOIA request was March 13, 2017. APHIS did not provide a determination or otherwise respond to Guardians' February 10, 2017 FOIA on or before March 13, 2017.

22.  On April 10, 2017, Guardians sent APHIS an e-mail asking for an update and estimated completion date for responding to Guardians' February 10, 2017 FOIA request. APHIS never responded to this e-mail inquiry.

23. APHIS has yet to provide a determination on Guardians' February 10, 2017, FOIA request (2017-APHIS-02149-F). APHIS has also refused to provide an expected completion date

for making a determination on the FOIA request. APHIS is not making records promptly available to Guardians.

*FOIA No. 4*

24. On April 10, 2017, the Guardians sent APHIS a FOIA request via U.S. Postal Service (Certified Mail) requesting information related to the accidental killing of a wolf in Oregon with an M-44 and related information about wolf management decisions between APHIS and the Oregon Department of Fish and Wildlife.

25. The deadline to make a determination on Guardians' April 10, 2017 FOIA request was May 8, 2017. APHIS did not make a determination on Guardians' April 10, 2017 FOIA request on or before May 8, 2017.

26. On June 5, 2017, Guardians sent APHIS an email informing it that it had not made a determination on Guardians' April 10, 2017 FOIA request, requesting an update on the status of the processing of the FOIA request, and offering assistance in fulfilling the FOIA request. On June 6, 2017, APHIS responded that it never received the April 10, 2017 FOIA request, but stated it would begin processing it.

27.  On June 6, 2017, Guardians provided APHIS with a copy of the certified mail receipt showing that it arrived at the APHIS FOIA office on April 10, 2017 and was signed for by an APHIS FOIA office employee. On June 6, 2017, APHIS acknowledged that it received the FOIA request on April 10, 2017 and assigned the request tracking number 2017-APHIS-04818-F. APHIS acknowledged that the deadline for a determination on Guardians' April 10, 2017 FOIA request was May 8, 2017.

28. APHIS has yet to provide a determination on Guardians' April 10, 2017, FOIA request (2017-APHIS-04818-F). APHIS is not making records promptly available to Guardians.

## CAUSE OF ACTION

29. Plaintiffs hereby incorporate all preceding paragraphs.

30. Pursuant to FOIA, APHIS "shall –[]determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of any such request whether to comply with

such request and shall immediately notify the person making such a request of such determination and the reasons thereof . . . ." 5 U.S.C. § 552(a)(6)(A)(i). If APHIS can show "unusual circumstances" this deadline may be extended by no more than "ten working days." 5 U.S.C. § 552(a)(6)(B)(i). The deadline is tolled when APHIS makes a "request to the requester for information" until such information is provided by the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I)-(II). APHIS is also required to provide an estimated completion date for making a determination on a FOIA request, 5 U.S.C. § 552(a)(7)(B)(ii), and "shall make the records promptly available . . ." to the requester, 5 U.S.C. § 552(a)(3)(A).

31. APHIS did not (and has yet to) make a determination Guardians' November 8, 2016 FOIA request (2017-APHIS-00736-F), the Alliance's January 13, 2017 FOIA request (2017-APHIS-01545-F), Guardians' February 10, 2017 FOIA request (2017-APHIS- 2149-F), and Guardians' April 10, 2017 FOIA request (2017-APHIS-04818-F). Nor did APHIS make a request on Guardians or the Alliance for more information that would toll the deadlines for the four FOIA requests at issue in this complaint. APHIS also refused to provide an estimated completion date for the four FOIA requests and did not make records "promptly available" as required by FOIA. There is no legal basis for APHIS to assert that any of FOIA's nine disclosure exemptions, *see* 5 U.S.C. § 552(b)(l)-(9), apply.

32. APHIS's failure to make a determination on the four FOIA requests outlined herein and related refusal to provide an estimated completion date and failure to make records "promptly available" violates FOIA, 5 U.S.C. § 552(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

A. Declare APHIS has violated and continues to violate FOIA as alleged above;

B. Direct APHIS to immediately make a determination on Plaintiffs' record requests and provide Plaintiffs with the records requested by a date certain;

C. Retain jurisdiction over this action to ensure the timely processing of Plaintiffs' FOIA requests and that no agency records are wrongfully withheld;

D. Award Plaintiffs their reasonable attorneys' fees, costs and expenses of litigation pursuant to 5 U.S.C. § 552(a)(4)(E) and any other applicable law; and

E. Issue any other relief this Court deems necessary, just, or proper or relief that Guardians may subsequently request.

Respectfully submitted this 13th day of June, 2017.

/s/ John R. Mellgren
John R. Mellgren (D. D.C. Bar # OR0002)
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon 97401
Ph: (541) 359-0990
mellgren@westernlaw.org

/s/ Matthew K. Bishop
Matthew K. Bishop (MT Bar #9968)
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
Ph: (406) 324-8011
bishop@westernlaw.org
*application for pro hac vice pending*

*Counsel for Plaintiffs*